THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ELIEZER JIMÉNEZ, Defendant and Appellant.

No. 5559. Argued January 24, 1935.—Decided January 30, 1935.

*Leopoldo Tormes García* for appellant. *R. A. Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the Municipal Court of Orocovis, the insular policeman José I. Díaz presented a complaint against Eliezer Jiménez

charging him with having committed an offense of aggravated assault and battery, consisting in his having assaulted and attacked in that town on the night of August 26, 1933, with the intent of causing grave bodily injury, a woman, Juana María Rivera.

The court found the defendant guilty, and feeling aggrieved by that decision, he appealed to the District Court of Ponce. After a trial *de novo,* the defendant was again convicted, and thereupon he appealed to this court, assigning error in the weighing of the evidence. He maintains that it appears therefrom that he was justified in the violence which he used upon the said Juana María Rivera, according to the law.

■ The evidence was conflicting, and the conflict was resolved against the defendant. The person attacked was his wife, who saw that he was walking with another woman, his mistress, with whom she had some words, and as they were about to come to blows, he separated them, attacking his wife unnecessarily.

This version, believed by the court, finds support in the testimony of the policeman who filed the information. The other testimony is confused. Juana María Rivera was called to the witness stand for the defense, and testified that she was the one who had attacked her husband, whom she would have killed that night together with the other woman. The court did not give any credit to her testimony. Knowing human nature, it concluded that even after having been injured and attacked, she was departing from the truth to save her husband, and it has not been shown that in so acting the court committed any error.

■ It is true that the very law which punishes the offense of assault—Act of 1904, Comp. Stat. 1911, page 908—provides that violence against a person shall not constitute an assault or an assault and battery, among other cases, when it is used in self-defense or in defense of another against

unlawful violence offered to his person or property, but it is careful to prescribe also that only that degree of force may be used which is necessary to effect such purpose. Sections 2 (6) and 3 of the act.

Here, although the violence which the defendant used to separate the two women would be justified, that which he used immediately thereafter, according to the evidence believed by the court, against one of them, his wife, has no justification and constitutes a clear act punishable under the law, of which he was charged and for which he was convicted.

The judgment appealed from must be affirmed.